```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ROBERTO COIN, INC.,

                       Plaintiff,           MEMORANDUM & ORDER
                                             18-cv-4045(EK)(ST)

               -against-

 JOSEPH GOLDSTEIN and KINGS STONE US
 LTD.,

                       Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The Court has received Magistrate Judge Tiscione's comprehensive Report and Recommendation (R&R) dated February 21, 2023.  ECF No. 182.  Judge Tiscione recommends that plaintiff Roberto Coin, Inc. be awarded monetary damages of $477,760 and that that award be trebled under the Lanham Act, for total damages of $1,433,280.  He also recommends that the defendants be held liable to pay $93,783.60 in attorneys' fees and that the Court permanently enjoin the defendants from exploiting RCI's trademarks.

Defendant Goldstein's filing at ECF No. 185 is docketed as an objection to this R&R and states it is "specifically re the recommendation by his honorable Judge Tiscione."  ECF No. 185 at 1.  Despite these labels, and the solicitude owed *pro se* litigants like Goldstein, *see Triestman*

*v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), Mr. Goldstein's submission contains no "specific written objections to the proposed findings and recommendations," Fed. R. Civ. P. 72(b)(2) — or, for that matter, any discernable objections at all. Indeed, it is properly construed simply as a motion for reconsideration of this Court's summary judgment ruling dated September 30, 2021. Through it, Goldstein "respectfully request[s]" that the Court review purported "new evidence" attached to the filing "for reconsideration of the previous summary judgment ruling." ECF No. 185 at 1.

To the extent Goldstein moves for reconsideration, that request is denied as untimely. Under Local Civil Rule 6.3, "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." Moreover, even if the motion had been timely, "[a] motion for reconsideration is not properly used as a vehicle for the introduction of new evidence that could have been presented to the court prior to the decision of which reconsideration is sought." *Jones v.*

2

*Carolina Freight Carriers Corp.*, 152 F.3d 918 (2d Cir. 1998) (Table).

Thus, no party has filed valid objections, and the time to do so has expired. Accordingly, I review Judge Tiscione's recommendation for clear error on the face of the record. *See* Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *accord State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013). I also "retain[] the power to engage in *sua sponte* review of any portion of the magistrate's report and recommendation, regardless of the absence of objections." *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 514 (S.D.N.Y. 1997), *aff'd*, 136 F.3d 313 (2d Cir. 1998).[1] Such *sua sponte* review "may be under a *de novo* standard, or any lesser standard of review." *Id.*

Based on such review, a modest modification of the R&R's damages recommendations is appropriate. Under the Lanham Act's remedies provision, treble damages "shall" be awarded in cases of willful infringement, "unless the court finds extenuating circumstances." 15 U.S.C. § 1117(b). The Act does not specify a test for such circumstances. Courts in this Circuit have noted, however, that when the defendant is an

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

"unsophisticated individual, operating on a small scale, for whom the imposition of treble damages would mean that he or she would be unable to support his or her family," treble damages would be inappropriate.  *Fendi S.a.s. Di Paola Fendi E Sorelle v. Cosm. World, Ltd.*, 642 F. Supp. 1143, 1147 (S.D.N.Y. 1986)); *see also Nike, Inc. v. Top Brand Co.*, No. 00-CV-8179, 2005 WL 1654859, at *12 (S.D.N.Y. July 13, 2005) (noting that "a determination of extenuating circumstances can be made only on a case by case basis," and invoking the *Fendi* standard quoted above).

That is the case here.  Goldstein appears to be a one-man operation, and he clearly has limited financial means.  *See* Hr'g Tr. 3:16-21, ECF No. 147.  He is proceeding *pro se*, as noted above, and his company's claims in this action were dismissed based on its inability to retain counsel.  The imposition of treble damages would be academic, given Goldstein's financial circumstances, and I decline to grant such relief.

I review the remainder of Judge Tiscione's R&R for clear error.  Having reviewed the record, I find no such error and therefore adopt the remainder of the R&R in its entirety.

As a final note, ECF No. 185 and its attachment "lev[y]" "allegations" of a "sensitive nature" at the plaintiff.  *Blatt v. City of New York*, No. 19-CV-1227, 2019 WL 1367605, at

4

\*3 (S.D.N.Y. Mar. 26, 2019).  Because the submission is neither an objection nor a proper motion for reconsideration, such a filing is "abusive" and "improper under the circumstances." *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09-CV-2669, 2015 WL 4757601, at \*3 (S.D.N.Y. Aug. 12, 2015).  Consequently, the Court, in an exercise of its "inherent authority to manage [its] docket[]," *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015), *sua sponte* strikes ECF No. 185 and its attachment in their entirety.  *See Blatt*, 2019 WL 1367605, at \*3 (striking filings discussing sexual harassment allegations against the plaintiff that were "unnecessary" for the Court to consider given the "stage of the litigation"); *Muench Photography*, 2015 WL 4757601, at \*3, 5 (invoking the court's "inherent authority" to "strike any filed paper which it determines to be abusive or otherwise improper under the circumstances").  As a result, the plaintiff's Motion to Seal, ECF No. 186, is denied as moot.

  The R&R is adopted in its entirety, except that I decline to treble the monetary award.  15 U.S.C. § 1117(b).  A status conference will be held on October 4, 2023 at 2:30 PM to discuss next steps.  As additional claims remain pending in this action, no judgment will be entered at this time.  *See, e.g.*,

5

*Power Up Lending Grp., Ltd. v. Cardinal Energy Grp., Inc.*, No. 16-CV-1545, 2019 WL 1473090, at *6 (E.D.N.Y. Apr. 3, 2019).

SO ORDERED.

                                                                    /s/ Eric Komitee
                                                             ERIC KOMITEE
                                                             United States District Judge

Dated:    August 21, 2023
          Brooklyn, New York